IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| ALIM DEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 623-004 |
| | ) | |
| GRADY K. REDDICK; EVELYN | ) | |
| HUBBARD; MANDY B. HOWARD; | ) | |
| HAILEY WILLIAMS; DAVID R. | ) | |
| GRIFFIS; PAULA EDWARDS; | ) | |
| and HARLIN BOYKIN, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP").  Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential Defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

I.      **SCREENING OF THE AMENDED COMPLAINT**

        A.      **BACKGROUND**

In his amended complaint, Plaintiff names as Defendants (1) Screven County State Court Judge Grady K. Reddick; (2) Solicitor-General Evelyn Hubbard; (3) Highwayman David R. Griffis; (4) Clerk of Superior Court Mandy B. Howard; (5) Administrative Clerk Hailey Williams; (6) Jailer/Dispatcher Paula Edwards; and (7) Jailer/Dispatcher Harlin W.

Boykins III.  (See doc. no. 9, pp. 1-4.)  Taking all of Plaintiff's allegations as true, as the Court

must for purposes of the present screening, the facts are as follows.

On June 13, 2022, Plaintiff was unlawfully arrested and detained by Defendant Griffis

during a traffic stop.  (Id. at 7.)  Defendant Griffis stopped Plaintiff because he was allegedly

traveling 71 miles per hour in a 55 mile per hour zone.  (Id. at 8.)  At the time of the stop,

Nalah Dey was a passenger in Plaintiff's car.  (Id.)  Plaintiff maintained he was not speeding,

and Defendant Griffis denied Plaintiff's request to view the radar used to gauge Plaintiff's

speed.  (Id.)  Nalah Dey asked what probable cause Defendant Griffis had to pull them over,

but Defendant Griffis told Nalah to "shut up" because she was just a passenger.  (Id.)

Defendant Griffis asked to see Plaintiff's driver's license, and Plaintiff responded he did not

have one.  (Id.)  Defendant Griffis arrested Plaintiff.  (Id.)

Upon arrival at the Screven County Sheriff's Office, Plaintiff notified Defendant

Boykins that Plaintiff was a Moorish National and the Screven County Sheriff's Office had no

jurisdiction over him.  (Id. at 7.)  Nalah gave Defendant Edwards a "fee schedule" showing

Defendant is due $2,000 for each minute detained and an additional fee for having his picture

and fingerprints taken.  (Id.)  Defendant Edwards did not return the fee schedule to Nalah.  (Id.)

Defendant was released on bond after being detained for four hours.  (See id. at 7-8.)

On October 11, 2022, Plaintiff appeared at the Screven County Courthouse before

Judge Reddick.  (Id. at 7.)  Defendant Reddick did not have an up-to-date "Oath of Office or

a Public Official/Surety Bond as stated in the Treaty of peace and Friendship or the

Constitution as a Administrator."  (Id.)  When Defendant Reddick asked Plaintiff how he pled,

Plaintiff responded "the allegations are false," he "don't plead to nothing," and refused to

2

answer whether he wanted an attorney or jury trial.  (Id.)  Plaintiff told the court he was a

Moorish National and questioned the court's jurisdiction.  (Id.)

At two more court appearances on December 13, 2022, and January 25, 2023, Plaintiff

continued to refuse "to plead to anything" and requested Judge Reddick's oath of office.  (Id.

at 9.)  Plaintiff returned to court on February 22, 2023, for trial before Judge Reddick, where

Defendants Howard, Griffis, and Hubbard were present.  (Id.)  Judge Reddick told Plaintiff,

"We have to win this case or we are all going to jail."  (Id.)  Though not stated, it appears

Plaintiff proceeded *pro se*.  He called Nalah as a witness, who recounted the traffic stop and

insinuated Defendant Griffis targeted Plaintiff because of his race.  (See id. at 9-10.)  Plaintiff

lost at trial and was placed on probation for one year and subjected to community service and

a fine.  (See id. at 10.)

### B.    DISCUSSION

#### 1.    Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous,

malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief

from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams,

490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the

same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson

v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483,

1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.     Plaintiff Fails to State a Claim Related to His Arrest

Plaintiff's claims relating to his arrest fail on the merits. Plaintiff alleges that Defendant Griffis "unlawfully detained," arrested, and kidnapped him when Defendant Griffis pulled over

4

and arrested Plaintiff on June 13, 2022.  To the extent Plaintiff is attempting to assert a claim under 42 U.S.C. § 1983 for a violation of his Fourth and Fourteenth Amendment rights, he fails.  An arrest "without a warrant and lacking probable cause violates the Constitution and can underpin a § 1983 claim, but the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest." Brown v. City of Huntsville, Ala., 608 F.3d 724, 734 (11th Cir. 2010).  Plaintiff contends Defendant Griffis lacked probable cause to pull him over and arrest him because he was not speeding; however, Plaintiff does not dispute he was driving without a license.

Defendant Griffis had probable cause to stop and arrest Plaintiff.  "Under the Full Faith and Credit Clause of the Constitution, . . . 'a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered,'" including in a suit under § 1983. Stephens v. DeGiovanni, 852 F.3d 1298, 1319 (11th Cir. 2017) (quoting Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984)); Barts v. Joyner, 865 F.2d 1187, 1194 n.5 (11th Cir. 1989).  Under Georgia law, "a criminal conviction is 'conclusive of probable cause unless there was fraud.'" El v. Lee, No. 5:19-CV-74 (MTT), 2021 WL 359736, at *4 (M.D. Ga. Feb. 2, 2021) (quoting Kelly v. Serna, 87 F.3d 1235, 1241 (11th Cir. 1996)).  The amended complaint shows Plaintiff was convicted of speeding and driving without a license in Screven County State Court on February 22, 2023, after the initiation of this case but before submission of the amended complaint.  Indeed, public records confirm Judge Reddick held a bench trial on February 22, 2023, where Plaintiff was convicted on two counts: violations of O.C.G.A. § 40-5-20, driving without a

license, and § 40-60-181, speeding.[1]  Plaintiff did not appeal, and the time to do so has passed.

See O.C.G.A. §§ 5-6-33 & 5-6-38 (providing thirty days from entry of appealable decision to

file appeal of state court criminal conviction).

Plaintiff neither proves nor argues there was fraud in obtaining his conviction, such as

perjured testimony or intentional corruption.  Therefore, his state court conviction bars his

false arrest claim under § 1983.  See Stephens, 852 F.3d at 1320 (affirming dismissal of

Plaintiff's § 1983 false arrest claim after he plead *nolo contendere* in state court to driving

without a license); El, 2021 WL 359736, at *5 ("[B]ecause [Plaintiff] was convicted of

speeding and obstruction, and he has not come forward with evidence that he

was convicted due to fraud, there is conclusive evidence that probable cause existed at the time

of his arrest."); see also May v. Morgan Cnty., 499 F. Supp. 3d 1294, 1306 (M.D. Ga. 2020)

(holding a conviction "conclusively establishes probable cause" that bars malicious

prosecution claim for which lack of probable cause is an element).

Likewise, if Plaintiff is attempting to assert a state law claim for false imprisonment or

kidnapping, he fails for the same reason.  See Henry v. City of Mt. Dora, No. 5:13-CV-528-

OC-30PRL, 2014 WL 5823229, at *10 (M.D. Fla. Nov. 10, 2014) (dismissing state law claims

for false arrest after Plaintiff's state conviction established probable cause for her arrest), *aff'd*,

688 F. App'x 842 (11th Cir. 2017.  Regardless, pursuant to 28 U.S.C. § 1331, district courts

---

[1]See Screven County Web Docket, available at https://peachcourt.com/ (in "case search" under "search by party name," search for "Bey, Alim," open STCR2022000638, last visited Mar. 29, 2023) (Attach. 1); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation); Douglas Asphalt Paving, Inc. v. Martin Marietta Aggregates, No. 4:16-CV-7, 2018 WL 11449488, at *6 (S.D. Ga. Dec. 19, 2018) (explaining Peach Court is a publicly available database for Georgia's trial courts).

have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." Section 1331 provides the Court authority to rule in a § 1983 case. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." Id. § 1367(c)(3) (emphasis added).

A District Court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists. See Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000) (directing dismissal of state law claims when case "retains no independent basis for federal jurisdiction"); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."). The Court is recommending dismissal of all of Plaintiff's federal claims. Accordingly, any potential state law claims Plaintiff believes he may have should also be dismissed.

### 3.  Plaintiff's Claims Are Barred Under Heck

Also because of his conviction, Plaintiff's claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held, "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must

prove that the conviction or sentence" has been reversed, expunged, declared invalid, or called into question by the issuance of a federal writ of habeas corpus. Id. at 486-87. In other words, a claim for monetary damages or injunctive relief that challenges Plaintiff's conviction is not cognizable under § 1983. Heck, 512 U.S. at 483; see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under § 1983).

Here, Plaintiff claims Defendant Griffis stopped and arrested him without probable cause, resulting in a prosecution and trial administered by a Judge without an "up-to-date" oath of office. Plaintiff claims he was not speeding, but he was convicted of speeding. Were these claims resolved in Plaintiff's favor, the outcome would inevitably undermine his current conviction and sentence, placing the claims "squarely in the purview of Heck." Reilly v. Herrera, 622 F. App'x 832, 835 (11th Cir. 2015); see also Vickers v. Donahue, 137 F. App'x 285, 289-90 (11th Cir. 2005) (per curiam) (affirming summary judgment in favor of probation officers accused of falsely submitting affidavits for arrest for probation violation where plaintiff had available post-revocation relief and successful § 1983 claim would imply invalidity of revocation order and sentenced imposed). Plaintiff admits he is on probation, and he has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Whatever federal claims he is attempting to make regarding the actions resulting in his current sentence are barred.

#### 4.      Plaintiff Fails to State a Claim Related to His Prosecution

After recounting his arrest, Plaintiff's amended complaint mainly narrates his subsequent

prosecution and makes no specific claims regarding violations of his rights, citing as his basis

for federal court jurisdiction the "Treaty of Madrid," "Treaty of Peace and Friendship," and the

"Organic Constitution." (Doc. no. 9, p. 5.)  In court, Plaintiff frequently challenged Defendants'

jurisdiction, requested proof of "Oaths of Office" and "Surety Bonds," presented Defendant

Edwards a "fee schedule," and claimed to be a "Moorish National." (Id. at 7-10, 12.)  These

documents and Plaintiff's complaints regarding his prosecution "are typical sovereign citizen

nonsense." Gilbert v. City of Pine Lake, Georgia, No. 1:19-CV-495-TWT, 2019 WL 11553743,

at *1 (N.D. Ga. June 25, 2019), aff'd, No. 19-12585, 2022 WL 1162087 (11th Cir. Apr. 20,

2022).  Such patently frivolous claims fail on the merits and should be rejected as frivolous. See,

e.g., Jackson v. Inch, 816 F. App'x 309, 311 (11th Cir. 2020) (per curiam) (citing United States

v. Sterling, 738 F.3d 228, 223 n.1 (11th Cir. 2013) for proposition that "courts have repeatedly

and 'summarily rejected [sovereign-citizen legal theories] as frivolous.'"); see also Roach v.

Arrisi, No. 8:15-cv-2547-T-33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016)

(recognizing "sovereign citizen theories have been found to be 'utterly frivolous' and patently

ludicrous,' using 'tactics' that are a waste of their time as well as the court's time, which is being

paid for by hard-earned tax dollars").

In sum, other than contesting the probable cause leading to his arrest, Plaintiff asserts no

clear federal claim in his amended complaint.  Instead, the remainder of his complaint consists

of frivolous, nonsensical jargon that has "been consistently rejected by federal courts." Williams

v. Oliver, No. 5:23-CV-86-MTT-CHW, 2023 WL 2602500 (M.D. Ga. Mar. 22, 2023).  His

amended complaint thus fails to state a claim upon which relief may be granted as to any claim or Defendant.

## II.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief may be granted and **CLOSED**.  The Court also **REPORTS** and **RECOMMENDS** any potential state law claims be **DISMISSED WITHOUT PREJUDICE**.

SO REPORTED and RECOMMENDED this 30th day of March, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA